IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOE CURTIS HARRIS,

    Plaintiff,

v.

CIVIL ACTION NO.: CV506-067

RICHARD MAYNARD, Grievance Coordinator,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at D. Ray James Prison in Folkston, Georgia. Defendant Maynard ("Defendant")[1] filed a Motion for Summary Judgment. Plaintiff has responded. For the following reasons, Defendant's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends Defendant, the grievance coordinator at D. Ray James Prison, did not diligently investigate his informal grievances before rejecting them. (Compl., ¶ 7). Plaintiff further alleges that Defendant denied Plaintiff access to appeal forms, which were necessary to make a formal grievance. (Comp., ¶ 9).

---

[1] In his Motion, Defendant states his name is "Richard Maynor."

Defendant generally alleges he did not violate any of Plaintiff's constitutional rights. Defendant avers Plaintiff's Complaint should be dismissed because Plaintiff has failed to show he suffered an "actual injury" and has also filed three or more causes of action which constitute "strikes" pursuant to 28 U.S.C. § 1915(g). Defendant also avers that Plaintiff failed to exhaust his administrative remedies before he filed his Complaint.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Phillip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1269 (citing Celotex Corp. v. Catrett. 477 U.S. 317,

2

323, 106 S. Ct. 2548, 2550, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendant asserts Plaintiff has not shown he suffered an actual injury to a legal claim as a result of his alleged actions. Defendant cites to Grievance Number 18758, in which Plaintiff complains about not getting a raincoat, as an example of the absence of any actual injury Plaintiff may contend he suffered.

Prisoners do not have a constitutional right to a prison grievance procedure. Thus, a prison official's failure to adhere to an institution's grievance procedure, standing alone, is not actionable, but must be based upon a violation of a federal constitutional or statutory right. Rivera v. Prince, 2007 WL 2023465, *2 (8th Cir. July 10, 2007). However, a prisoner states a constitutional violation to the extent he contends a prison official's actions pertaining to the grievance procedure violated his First Amendment right to access to the courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413

AO 72A
(Rev. 8/82)

(2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a non-frivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182, 135 L. Ed. 2d 606 (1996). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87.

The evidence reveals Plaintiff has filed no less than sixteen (16) informal grievances, dated before and after April 28, 2006, the date Plaintiff contends Defendant denied him access to the institutional grievance procedure. (Doc. No. 25, Ex. 1B-16B.) In addition, Plaintiff avers Defendant called him to his office on April 28, 2006, because Plaintiff had at least ten (10) grievances filed concerning Plaintiff's complaints about the conditions of his confinement. (Doc. No. 25, Ex. A.) Moreover, Plaintiff was able to file the instant cause of action with this Court, in addition to several other causes of action in which he alleged certain of his constitutional rights were violated. See Harris v. Spell, 5:06-CV-

65; Harris v. Fowler, 5:06-CV-66; Harris v. Hall, 5:06-CV-68; Harris v. Adams, 5:06-CV-69; Harris v. Garrard, 5:06-CV-73; and Harris v. Morton, 5:07-CV-2. These causes of action were either filed on the same date as or after the instant cause of action was filed. Finally, even if all evidence before the Court speaks to the contrary, Plaintiff fails even to allege Defendant's actions caused an "actual injury" to Plaintiff's pursuit of non-frivolous claims. See Flournoy v. Schomig, 152 Fed. Appx. 535 (7th Cir. 2005) (stating that a prisoner must actually plead the unjustified acts prevented him from pursuing a non-frivolous claim to succeed on an access to the courts claim). Plaintiff has failed to show he suffered an actual injury in his pursuit of any non-frivolous claim, and thus, has failed to show the existence of a genuine issue of material fact which would preclude the granting of summary judgment to Defendant.

It is unnecessary to address the remaining grounds of Defendant's Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment (Doc. No. 18) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 18th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE